IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. 08-cv-02073-JAM-KJM |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER OF JUDICIAL SALE** |
| | ) |
| STEPHEN R. LA PERLE, STATE OF CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS, AND ALICE LA PERLE AKA ALICE LINN K-LOPEZ, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

A final judgment was entered by this Court in the above-entitled action, on December 24, 2009, (Dkt. No. 25) ordering that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

The subject property is located in Sacramento County at 7648 Pine Valley Drive, Sacramento, California 95828 , and is legally described as follows:

> Lot 13, as shown on the "plat of South Woods Unit No. 1," recorded in Book 123 of Maps, Map no. 7, records of Sacramento County
> EXCEPTING THEREFROM, all minerals, oil, gas, and other hydrocarbon substances lying below a depth of 500 feet from the surface of said land without the right of surface entry, as reserved in the deed recorded July 27, 1978, in Book 78-07-27 of the Official Records, at page 908.

(Hereinafter "the Property.")

Accordingly, it is **ORDERED** as follows:

1. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.  The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

    2. The Marshal or PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

    3. The terms and conditions of the sale are as follows:

        a. the sale of the Property shall be free and clear of the interests of: the United States and Defendants Stephen F. La Perle, State of California Department of Veterans Affairs, and Alice La Perle AKA Alice Linn K-Lopez;

        b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

        c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

        d. the date and time for sale are to be announced by the United States Marshal or the PALS;

        e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Sacramento County, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

        f. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

        g. the successful bidder(s) shall be required to deposit at the time of the same

1   with the Marshal or the PALS a minimum of ten percent of the bid, with the deposit to be made
2   by certified or cashier's check payable to the United States District Court for the Eastern District
3   of California.
4       Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS
5   proof that they are able to comply with this requirement.  No bids will be received from any
6   person(s) who have not presented proof that, if they are the successful bidders(s), they can make
7   the deposit required by this order of sale;
8           h. the balance of the purchase price for the Property is to be paid to the United
9   States Marshall or a PALS (whichever person is conducting the sale) within 30 days after the
10  date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for
11  the Eastern District of California."  If the bidder fails to fulfill this requirement, the deposit shall
12  be forfeited and shall be applied to cover the expenses of the sale, including commissions due
13  under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities
14  of Stephen La Perle at issue herein.  The Property shall be again offered for sale under the terms
15  and conditions of this order of sale.  The United States may bid as a credit against its judgment
16  without tender of cash;
17          i. the sale of the Property shall be subject to confirmation by this Court.  The
18  Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of
19  confirmation of sale, within 20 days from the date of receipt of the balance of the purchase price;
20          j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a
21  deed of judicial sale conveying the property to the purchaser;
22          k. on confirmation of the sale, all interests in, liens against, or claims to, the
23  Property that are held or asserted by all parties to this action are discharged and extinguished;
24          l. on confirmation of the sale, the recorder of deeds for Sacramento County,
25  California, shall cause transfer of the property to be reflected upon that county's register of title;
26  and
27          m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of
28

1  redemption.

2      4. Until the property is sold, Stephen La Perle shall take all reasonable steps necessary to
3  preserve the Property (including all buildings, improvements, fixtures and appurtenances on the
4  property) in its current condition including, without limitation, maintaining a fire and casualty
5  insurance policy on the property. He shall neither commit waste against the Property nor cause or
6  permit anyone else to do so. He shall neither do anything that tends to reduce the value or
7  marketability of the Property nor cause or permit anyone else to do so.  The defendants shall not
8  record any instruments, publish any notice, or take any other action (such as running newspaper
9  advertisements or posting signs) that may directly or indirectly tend to adversely affect the value
10 of the property or that may tend to deter or discourage potential bidders from participating in the
11 public auction, nor shall they cause or permit anyone else to do so.

12     5. All persons occupying the Property shall leave and vacate the property permanently
13 within 30 days of the date of this Order, each taking with them his or her personal property (but
14 leaving all improvements, buildings, fixtures, and appurtenances to the property).  If any person
15 fails or refuses to leave and vacate the property by the time specified in this Order, the United
16 States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to
17 remove such person from the premises, whether or not the sale of such property is being
18 conducted by a PALS.  If any person fails or refuses to remove his or her personal property from
19 the property by the time specified herein, the personal property remaining on the property
20 thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is
21 authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in
22 which case the proceeds of the sale are to be applied first to the expenses of sale and the balance
23 to be paid into the Court for further distribution.

24     The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far
25 as they shall be sufficient to the following items, in the order specified:

26     1. To the United States Marshal or the PALS (whichever person conducted the sale as
27 arranged by the United States) for the costs of the sale, including any expense of maintaining the

28

- 4 -

Property prior to sale;

    2. To the federal income tax liabilities of Stephen La Perle for tax periods from 1987, 1988, and 1989 plus all interest and penalties due and owing thereon;

    3. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED**.

Dated this 30th day of March, 2010.

                         /s/ John A. Mendez
                         Honorable John A. Mendez
                         United States District Judge